United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

WANXIA LIAO,

    Plaintiff,

v.

JAMES CAHILL,

    Defendant.

No. C 03-02906 SBA

**ORDER**

This matter comes before the Court on: (1) Plaintiff Wanxia Liao's ("Plaintiff") Renewed Motion for Relief from Judgment; Motion for Leave to File a Second Amended Complaint; and Request for a finding of Contempt; and (2) James Cahill's ("Defendant") Motion to Declare Plaintiff a Vexatious Litigant. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court hereby finds the matter appropriate for disposition without a hearing. The Court DENIES Plaintiff's Renewed Motion for Relief from Judgment, Motion for Leave to File a Second Amended Complaint, and Request for a finding of Contempt, and DENIES Defendant's Motion to Declare Plaintiff a Vexatious Litigant.

## BACKGROUND

### A.  Factual Background

In 1991, as a Masters student at the University of Toronto, Canada ("U of T"), Plaintiff had an academic dispute with David Waterhouse ("Waterhouse"), a professor in the University's East Asian Studies Department. Plaintiff submitted a term paper wherein Plaintiff challenged Waterhouse's previously published contention that "beautiful" is a European concept. In the term paper, Plaintiff contended that the Chinese word "beautiful" originally embodied the European definition, namely, "pleasant to sight." Waterhouse gave Plaintiff a "B" grade for the term paper.

In 1993, Plaintiff lodged a formal complaint with the Ontario Human Rights Commission ("OHRC"). She insisted upon a re-reading of her paper and set forth the terms for the re-reading, which the OHRC accepted and imposed upon U of T (the "Re-Reading Agreement"). The OHRC sent the

paper out to two experts, both designated by Plaintiff, for external evaluation. Defendant Cahill, then a professor at the University of California at Berkeley ("UC"), was one of the experts.

On or about April 26, 1995, Cahill gave Plaintiff's paper a low "B" grade. He found that Plaintiff had misunderstood Waterhouse's article. In addition, Cahill listed Plaintiff's poor English as one of the reasons for giving the "B" grade. In response, Plaintiff uttered death threats, which led to her arrest on May 10, 1995. Plaintiff alleges that Cahill intended Plaintiff to be prosecuted: he knew that his opinion would upset her, his opinion constituted a violation of her human rights, and it was his violation of her human rights that pushed her to utter the death threats.

Plaintiff was later released on bail with the condition that she not initiate any contact with any member of the OHRC. Plaintiff contends that because of the bail condition, she was cut off from pursuing her case with the OHRC. The OHRC never responded to Plaintiff's objection to Cahill's evaluation. The OHRC dismissed Plaintiff's complaint in 1997.

In June of 1998, Plaintiff wrote to UC Vice Provost Nicholas Jewell requesting that the University investigate Cahill's conduct. The Vice Provost responded that UC would not investigate because Cahill had retired from the University. After her complaint was dismissed by the OHRC, and after UC refused to investigate Defendant's conduct, Plaintiff filed complaints in both state court and this Court.

**B.     Procedural History**

On June 23, 2003, Plaintiff filed her original complaint along with an application to proceed in forma pauperis. On August 7, 2003 (the "August Order"), the Court denied the IFP Application and dismissed the original complaint with leave to amend. In the August Order, the Court detailed the deficiencies in Plaintiff's complaint and provided instructions regarding curing those deficiencies. Plaintiff filed an amended complaint. On January 6, 2004, Defendant filed a motion to dismiss, which the Court granted in part and denied in part on March 2, 2004. The Court's March 2, 2004 Order dismissed with prejudice Plaintiff's 42 U.S.C. § 1983 claim as being barred by the doctrine of res judicata, leaving only her claims of breach of contract, intentional infliction of emotional distress, malicious prosecution and breach of fiduciary duty. On March 29, 2004, Plaintiff filed a Notice of Appeal of the Court's March 2, 2004 Order dismissing Plaintiff's § 1983 claim.

2

On March 31, 2004, Plaintiff filed a Motion for Leave to Amend her Complaint. On April 27, 2004, Defendant filed a Summary Judgement Motion seeking to dismiss Plaintiff's remaining four causes of action. On May 27, 2004, the Court granted Defendant's Motion for Summary Judgment, dismissing all four of Plaintiff's remaining causes of action as being barred by the statute of limitations, and denied Plaintiff's request for leave to amend. Plaintiff filed a Motion for Relief from Judgment on June 29, 2004 requesting that the Court reconsider its May 27, 2004 Order granting Defendant summary judgment. On December 14, 2004, the Court denied Plaintiff's motion.

On February 16, 2005, Plaintiff filed a "Renewed Motion for Relief from Judgment, for Finding of Contempt, and for Leave to File a Second Amended Complaint." On March 2, 2005, Defendant filed an "Opposition to Plaintiff's Motion for Relief from Judgment and Motion for Order Declaring Plaintiff a Vexatious Litigant." Plaintiff filed a Reply on March 21, 2005.

## ANALYSIS

**I.    Renewed Motion for Relief from Judgment**

    **A.    Legal Standard**

A motion for relief from judgment may be brought under Federal Rule of Civil Procedure 60(b). *Backlund*, 778 F.2d at 1388. Rule 60(b) states, in relevant part:

> (b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, Etc. On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken. A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation.

A court may relieve a party from a final judgment for one of the six reasons listed in Rule 60. *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004). Clauses (1) though (5) provide specific reasons for granting relief, while clause (6) acts as a catch-all allowing the court to grant relief for "any other reason

3

justifying relief from the operation of the judgment." *Id.* (citing, Federal Rule of Civil Procedure 60(b)).

**B.     Discussion**

Plaintiff contends that she is entitled to relief from judgment under Fed. R. Civ. P. 60(b)(3) because Defendant engaged in fraud, and under Fed. R. Civ. P. 60(b)(6) because the Court abused its discretion in denying Plaintiff's request to further amend her complaint. Plaintiff also requests leave to file an amended complaint.

**1.     Fraud**

To succeed on a Rule 60(b)(3) motion, the movant must establish by clear and convincing evidence that a judgment was obtained by fraud, misrepresentation, or misconduct and that the fraud or other misconduct prevented the movant from fully and fairly presenting his case. *De Saracho v. Custom Food Machinery Inc.*, 206 F.3d 874, 880 (9th Cir. 2000); *Bunch v. United States*, 680 F.2d 1271, 1283 (9th Cir. 1982).

Plaintiff asserts that Defendant engaged in fraud by: (1) falsely asserting that he was employed out of state from June 1998 to August 1999; and (2) by falsely stating the periods during which he lived with his wife.

**a.     False assertion that Defendant was employed out of state**

Plaintiff argues that Defendant engaged in fraud by asserting that he was employed out of state by the Institute of Advanced Study (the "Institute"). (Motion at 2.) In its May 27, 2004 Order granting summary judgment, the Court found that each of Plaintiff's causes of action were barred by the applicable statutes of limitations. (May 27, 2004 Order at 6-7.) The Court also found that although California Civil Procedure Code § 351 allows for tolling of the statute of limitations when a person is outside of the state, that section did not apply to travel involving interstate commerce.[1] (*Id*. at 8) (citing *Bendix Autolite Corp. v. Midwesco Enterprises*, 486 U.S. 888, 891 (1988)). Because travel in interstate commerce includes

---

[1] California Code of Civil Procedure § 351 states: "If, when the cause of action accrues against a person, he is out of the State, the action may be commenced within the term herein limited, after his return to the State, and if, after the cause of action accrues, he departs from the State, the time of his absence is not part of the time limited for the commencement of the action."

4

1  travel for employment, the Court held that Defendant's travel to New Jersey to work at the Institute from
2  June 1998 to August 1999 did not toll the statute of limitations.  (May 27, 2004 Order at 9) (citing *Filet*
3  *Menu, Inc. v. Cheng,* 71 Cal. App. 4th 1276, 1284 (1999) *quoting Tesar v. Hallas*, 738 F. Supp. 240,
4  241-243 (N.D. Ohio 1990) (holding that a tolling statute  unreasonably burdened the flow of persons
5  "between states in the course of or in search for employment")).  Thus, Plaintiff asserts that Defendant
6  engaged in fraud because he asserted that he "went to work" at the Institute from June 1998 to August
7  1999 when he was actually not employed by the Institute.  (See Declaration of Defendant James Cahill in
8  support of Motion for Summary Judgment [Docket No. 47] at ¶ 5.)

9       As evidence of Defendant's alleged fraud, Plaintiff attaches as Exhibit A to the Motion an e-mail
10 allegedly received from Marian Zelazny, whom Plaintiff asserts is an administrative officer at the Institute.
11 In the e-mail, Zelazny states that "[a] scholar who comes as a Visitor is not considered to be employed by
12 the Institute."  (Motion at Exh. A.)  Plaintiff claims that because Defendant was not employed by the
13 Institute, his departure out of California to New Jersey should have tolled the statute of limitations on her
14 claims.

15      Here, Plaintiff has not established that she is entitled to relief from judgment.  As a  preliminary
16 matter, Plaintiff raised this very issue in her first Rule 60(b) motion, asserting that Defendant was an "unpaid
17 visitor" at the Institute and therefore that tolling pursuant to § 351 was appropriate.  In ruling on her first
18 Rule 60(b) motion, the Court found that Plaintiff had failed to establish that Defendant was not employed by
19 the Institute.  (See December 14, 2004 Order at 7.)  Thus, the Court construes her "renewed Rule 60(b)"
20 motion on this issue to be asserting that she is entitled to Relief from Judgment based on new evidence (the
21 Zelazny e-mail) suggesting that Defendant was *not* employed by the Institute.  However, in order to assert
22 that Rule 60(b) relief is appropriate based on new evidence, Plaintiff must demonstrate that the newly
23 acquired evidence could not have been previously discovered with the exercise of due diligence.  *Coastal*
24 *Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211-212 (9th Cir. 1987).   Here, Plaintiff
25 has utterly failed to demonstrate why she could not have obtained a response from Zelazny prior to bringing
26 her first Rule 60(b) motion.  Accordingly, Plaintiff's request for relief based on the Zelazny e-mail is
27 DENIED.
28

In addition, Defendant asserts that the Zelazny e-mail has not been authenticated and is thus inadmissible. (Opposition at 4.) Although Defendant does nothing more than make this conclusory assertion, Plaintiff's declaration in support of her motion is insufficient. The declaration was executed in "Toronto, Ontario, Canada." ( (Declaration of Wanxia Liao ("Liao Decl.") at 2.) Because it was executed outside of the United States and does not contain a declaration "under the laws of the United States of America," it is insufficient. See 28 U.S.C. § 1746 (allowing for declarations to be filed in lieu of sworn affidavits but requiring declarations executed outside of the United States to be made "under the laws of the United States of America"). In addition, although the declaration states that Plaintiff has "attach[ed] copies of the relevant evidences [sic] as Exhibits to this declaration," the exhibits are not attached to the declaration, but are instead attached to the memorandum of points and authorities. (Liao Decl. at 2.) Accordingly, the evidence provided by Plaintiff was not properly authenticated.

In any event, Relief from Judgment is unavailable unless the new evidence of fraud would have likely produced a different result. *See Coastal Transfer Co.*, 833 F.2d 211-212; Fed. R. Civ. P. 60(b)(2) & 60(b)(3). Here, even if the Court had tolled the period from June 1998 to August 1999, it would not have led to a different result.[2] Indeed, even if the Court had tolled the time from June 1998 to August 1999 for those claims that were running during that time period, Plaintiff's claims would still have been barred by the statute of limitations. First, the Court previously determined that Plaintiff's claims for breach of contract and breach of fiduciary duty began to run on April 26, 1995 and expired on April 26, 1999. (May 27, 2004 Order at 7.) Even if the Court tolled the time from June 1998 to August 1999, the claim would have still run in mid-2001, well before the Complaint was filed on June 23, 2003.[3] Second, the Court previously determined that Plaintiff's claim for intentional infliction of emotional distress began to run on May 10, 1995 and expired on May 10, 1996. (Id.) Thus, this claim expired before the June 1998 to August 1999 tolling could apply. Third, the Court previously determined that Plaintiff's conspiracy cause of action began to run

---

[2] Plaintiff also asserts, in conclusory fashion, that Cahill was only a "visitor" at the Institute for three-months. (Motion at 3.) Even if true, this would have resulted in less tolling of time and fails to demonstrate that Plaintiff is entitled to relief from judgment.

[3] The Court previously determined that tolling applied from May 9, 2002 to May 23, 2003. (May 27, 2004 Order at 7.) However, this tolling period could not apply if the statute of limitations had already run in 2001.

1  on June 29, 2000 and had a one-year statute of limitations. (Id.) This claim began to accrue well after the
2  June 1998 to August 1999 tolling period even began. Accordingly, Plaintiff is not entitled to relief from
3  judgment.[4]

### b. False assertion regarding periods Defendant lived with his wife

Plaintiff also appears to assert that Defendant engaged in fraud by submitting a declaration in a state court case ("State Court Declaration") that contradicted his declaration in support of his motion for summary judgment in the instant case ("Federal Court Declaration"). (Motion at 3-4.) In its May 27, 2004 Order, the Court determined that because laws that affect a family's mobility affect interstate commerce, the period during which Defendant lived outside of California to be with his wife while she was pursuing or engaged in employment did not toll the applicable statutes of limitations. (May 27, 2004 Order at 10) (citing *United States v. Mussari*, 95 F.3d 787, 790 (9th Cir. 1996) and *Seniors Civil Liberties Ass'n v. Kemp*, 761 F.Supp. 1528, 1545 (M.D. Fla. 1991)). Plaintiff appears to be arguing that Defendant fraudulently represented the periods of time he lived with his wife out of state, and that therefore tolling should apply for all periods he lived with his wife out of state because Defendant was not burdened by living apart from her. (Motion at 4-8.)

Plaintiff asserts that Defendant's State Court Declaration demonstrates the falsity of his Federal Court Declaration, but fails to demonstrate the relevance of any inconsistencies. (*Id*. at 4.) Plaintiff asserts that the Federal Court Declaration omitted the fact that Defendant's wife had moved to Oregon in 1994, and falsely states that Defendant moved to Oregon in September 1996. (Opposition at 4.) In his State Court Declaration, Defendant asserts that he first moved to Oregon in 1995, but returned to California in May 1996 and stayed there until August 1997. As a preliminary matter, California Code of Civil

---

[4] Defendant also asserts that the instant motion is barred by the doctrine of issue preclusion because the "instant motion is based on the same exact evidence" of fraud as Plaintiff's previous Motion for Relief from Judgment. (Opposition at 3.) As a preliminary matter, as stated *supra*, Plaintiff is basing her renewed motion on allegedly new evidence of fraud. In addition, issue preclusion forecloses litigation of previously decided facts or law in a *subsequent* action between the parties. Restatement (Second) of Judgments, § 27 (1982); *See Hawkins v. Risley*, 984 F.2d 321, 323 (9th Cir.1993) (finding issue preclusion applied to current action where prior action involved previously decided issues). Defendant has provided no authority suggesting that issue preclusion bars a motion for Relief from Judgment in the same action.

7

1  Procedure § 351 does not toll time when Defendant resided in California. Thus, even if Defendant had
2  lived in California from May 1996 to August 1997, Plaintiff has failed to demonstrate how this merits relief
3  from judgment. Moreover, Plaintiff has provided no authority suggesting that a delayed move to join a
4  spouse in the place where she is engaging in employment requires relief from the Court's determination that
5  Defendant engaged in interstate commerce *when* he lived out of state to be with a spouse engaging in
6  interstate commerce.[5]

### 2.  Abuse of discretion by Court in denying request for leave to amend complaint.

Plaintiff also asserts that the Court's May 27, 2004 denial of her Motion to Amend her First Amended Complaint was an abuse of discretion, and therefore the Court should grant relief from judgment under Rule 60(b)(6) ("any other reason justifying relief from the operation of the judgment"). (Motion at 8.) The Court denied Plaintiff's Motion to Amend because Plaintiff sought to add: "(1) a claim of discrimination in violation of the Education Code of California § 6620 and (2) additional material which she generally describes as crucial." (May 27, 2004 Order at 3.) The Court determined that Plaintiff could not state a § 6620 cause of action and therefore that amendment on that ground would be futile. (*Id*.) Second, the Court determined that Plaintiff had utterly failed to describe the "additional materials" and had provided no justification for her tardiness in including them at that juncture. (*Id*.)

Here, while Plaintiff cites legal authority suggesting that leave to amend should be granted freely, she does not explain why the Court's denial of her request amounted to an abuse of discretion. (Motion at 8-9.) For example, she presents no argument or authority suggesting that her request to add a § 6620 cause of action was not futile, nor does she assert that the "additional materials" she presented were not vague, or that her tardiness was excusable. (Motion at 10.) Instead, she apparently asserts that despite her failure to demonstrate leave to amend should have been granted, she should have been granted leave because she is pro se and had only amended her complaint once. In support of this assertion, she cites *Adam v. Hawaii*,

---

[5] Plaintiff also asserts that while Defendant lived in Hawaii, his wife "at times resided" in Oregon. Plaintiff does provide factual support for this assertion. (Motion at 7.) In addition, Plaintiff asserts that Defendant was "in Hawaii primarily for enjoying his retirement life, but not for having to stay with wife [sic] as her spouse." (*Id*.) Not only are these assertions unsupported, Plaintiff fails to provide any authority suggesting that such "evidence," even if true, would merit relief from judgment.

8

2000 U.S. App. LEXIS 35216 (9th Cir., 2000). *Adam*, however, does not hold that a litigant must be afforded multiple opportunities to amend. In *Adam*, the Ninth Circuit overturned a denial of a request for leave to amend because the determination of futility was based on a faulty factual assumption. *Id*. at *12. Here, Plaintiff has failed to demonstrate any error by the Court in denying Plaintiff leave to amend. Accordingly, the Court did not abuse its discretion in denying Plaintiff's request to amend her complaint, and Plaintiff is not entitled to relief from judgment on this ground.[6]

## II.   Request for finding of Contempt

Plaintiff asserts that Defendant and his attorney are guilty of violating California Penal Code § 118, that they should be found in contempt, and that she is therefore entitled to damages. (Motion at 14.) However, § 118 applies to criminal prosecution of perjury and does not create a civil cause of action for perjury.

> Our Penal Code defines perjury and subornation of perjury as felonies (Sections 118, 127). However, no civil right can be predicated upon a mere violation of a criminal statute (Babu v. Petersen, 4 Cal.2d 276, 48 P.2d 689), and on the theory that there must be an end to litigation (41 Am.Jur., Perjury, Section 81, p. 45) . . . no injury from false testimony upon which a civil action for damages can be maintained is recognized.

*Agnew v. Parks*, 172 Cal. App.2d 756, 765 (1959); *Cooper v. Parker-Hughey*, 894 P.2d 1096, 1101 (Okl.,1995) (citing *Agnews* in support of finding that California does not recognize civil action for perjury). Because California Penal Code § 118 does not provide a civil cause of action for perjury, Plaintiff's motion is DENIED.

## III.   Defendant's Motion to Declare Plaintiff a Vexatious Litigant

Defendant asserts that Plaintiff should be declared a vexatious litigant. (Opposition at 5.) A federal district court has the inherent power to issue restrictive pre-filing orders against litigants with histories of

---

[6] Plaintiff also seeks leave to amend her complaint based upon, *inter alia,* allegations that some of her claims arose on June 12, 1997 rather than in 1995. (See Motion at 11.) However, in order to move for leave to amend, Plaintiff must first successfully re-open the case pursuant to Fed. R. Civ. P. 59 or 60. *See Glenn v. First Nat'l Bank,* 868 F.2d 368, 371 (10th Cir. 1989). In any event, because she failed to raise the allegations in her proposed Second Amended Complaint until almost nine months after entry of summary judgment, and because she has provided no good cause for the delay, her request for leave is DENIED. *Swanson v. United States Forest Serv.,* 87 F.3d 339, 345 (9th Cir., 1996) (affirming denial of leave to amend based on undue delay in seeking amendment); *Combs v. PriceWaterhouse Coopers LLP*, 382 F.3d 1196, 1205 (10th Cir. 2004) (finding request to amend complaint raised after entry of summary judgment disfavored particularly when late amendment is sought without good cause).

abusive and lengthy litigation. *DeLong v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). Such pre-filing orders may enjoin the litigant from filing further actions or papers unless the litigant meets certain criteria, such as first obtaining leave of the court or by filing declarations that support the merits of the case. *Moy v. United States*, 906 F.2d 467, 469 (9th Cir. 1990); *Galeska v. Duncan*, 894 F.Supp. 1375, 1377 (C.D. Cal. 1995).

Courts have recognized that such pre-filing orders should rarely be filed. *See, e.g., In re Oliver*, 682 F.2d 443, 445 (3d Cir. 1982) (an order imposing an injunction "is an extreme remedy, and should be used only in exigent circumstances"); *Pavilonis v. King*, 626 F.2d 1075, 1079 (1st Cir. 1980) ("The use of such measures against a pro se plaintiff should be approached with particular caution"); *In re Powell*, 271 U.S. App. D.C. 172, 851 F.2d 427, 431 (D.C. Cir. 1988) *per curiam* (such orders should "remain very much the exception to the general rule of free access to the courts") (quoting *Pavilonis*, 626 F.2d at 1079).

To maintain the "delicate balance between broad court access and prevention of court abuse," a district court must follow four requirements before imposing pre-filing restrictions: (1) a plaintiff must be given adequate notice to oppose a restrictive pre-filing order before it is entered; (2) a trial court must present an adequate record for review by listing the case filings that support its order; (3) the trial court must further make substantive findings as to the frivolous or harassing nature of the plaintiff's filings; and (4) the order must be narrowly tailored to remedy only the plaintiff's particular abuses. *See O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (citing *DeLong*, 912 F.2d at 1147-49).

Here, while Defendant has listed five actions that were allegedly decided against Plaintiff, Defendant has provided insufficient evidence in support of his assertion that each action was frivolous or harassing. *DeLong*, 912 F.2d at 1147-49. Without an adequate record to evaluate, the Court cannot make findings to support a vexatious litigant determination. Accordingly, Defendant's motion is DENIED.

## CONCLUSION

For the forgoing reasons, Plaintiff's Renewed Motion for Relief from Judgment, Motion for Leave to File a Second Amended Complaint, and Request for a finding of Contempt are DENIED. Defendant's Motion to Declare Plaintiff a Vexatious Litigant is also DENIED.

1    IT IS SO ORDERED.

3    Dated: 5/4/05

s/Saundra Brown Armstrong
SAUNDRA BROWN ARMSTRONG
United States District Judge